## EIMER & AMEND *v.* UNITED STATES[1]

[1] C. D. 64

# United States Customs Court, First Division

(Decided December 8, 1938)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiffs. *Webster J. Oliver*, Assistant Attorney General (*John J. McDermott* and *William J. Vitale*, special attorneys), for the defendant.

Before McCLELLAND, SULLIVAN, and BROWN, Judges; McCLELLAND, P. J., not participating

SULLIVAN, Judge: The merchandise involved in this protest is invoiced as "Glass Wool." The official sample consists of white glossy fibers resembling fine wool in appearance.

The examiner's red-ink notation on the invoice over this item of "glass wool" is "Lab. Glassware, 85% 218," indicating it was classified as—

Biological, chemical, metallurgical, pharmaceutical, and surgical articles and utensils of all kinds, including all scientific articles, and utensils, whether used for experimental purpose in hospitals, laboratories, schools or universities, colleges, or otherwise * * * finished or unfinished, wholly or in chief value of glass * * *.

under paragraph 218 (a) of the Tariff Act of 1930. It was assessed with duty at 85 per centum ad valorem thereunder.

The plaintiffs by their protest "claim that said merchandise is properly dutiable at 50% under Par. 230 of the Tariff Act of 1930."

The provision of paragraph 230, under which claim is made, is evidently subsection (d) thereof, which is as follows:

(d) All glass, and manufactures of glass, or of which glass is the component of chief value, except broken glass or glass waste fit only for remanufacture. not specially provided for, 50 per centum ad valorem.

Plaintiffs' witness Jones merely proved the official sample, Exhibit 1. The plaintiffs then rested, and submitted their case on such sample, plaintiffs' counsel saying:

* * * The question presented is one entirely of law. It is our contention that par. 218 (a) covers only articles and utensils, and doesn't cover merchandise which is really a glass fibre, and material, and is not an article or utensil.

Defendant's witness Foran testified he is control chemist for Merck & Co., Inc., of Rahway, N. J., where his work is confined entirely to the laboratory; that he has handled merchandise of the character of Exhibit 1, and has used it as follows:

This material is used as a filtering medium for corrosive substance, let's say strong acids, which might affect other media such as would be used for filtering purposes. Its main use is for that purpose—fine glass wool of this type.

Q. Have you used articles like Exhibit 1 solely in the laboratory or in conjunction with laboratory work?—A. Only for laboratory purposes.

\*        \*        \*        \*        \*        \*        \*

Q. Have you seen other chemists use it for laboratory purposes many times?—A. Oh, yes; wherever it is used as indicated.

Articles and utensils of the nature specified are covered by paragraph 218 (a). It seems to the court common sense would indicate that a fibrous material like this glass wool, which actually has some resemblance to fine wool in appearance, is not an article or utensil.

We have not found any authorities on glass wool under the Tariff Acts of 1922 and 1930, nor has counsel called any to the court's attention by brief or otherwise. Under the Tariff Act of 1909 glass wool was passed on in the case of Henry Heil Chemical Co., Abstract 37301, 28 Treas. Dec. 186. . In that case this court (then the Board of General Appraisers) had before it for classification "what is known as glass wool," manufactured, as shown by the testimony "by taking two pieces of glass and drawing into thin wavy threads." In that case its use was not stated. We said—

It seems to us that the merchandise in the case at bar does not bear any relation whatever to the merchandise described in paragraph 98 of the tariff act of 1909. That paragraph deals entirely with glass articles, and enumerates the class that would be within its description, to wit, "glass bottles, decanters, and all articles of every description composed wholly or in chief value of glass, ornamented or decorated in any manner, or cut, engraved," etc., "and all articles of every description, including bottles and bottle glassware, composed wholly or in chief value of glass blown either in a mold or otherwise."

The merchandise in question does not come within the description of the articles of glass stated in that paragraph. It does fall within the provisions of paragraph 109 for "all glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not specially provided for in this section."

We called attention to a former case dealing with similar merchandise, and said:

In the matter of the protest 19801a of Rudolf Aich, G. A. 1365 (T. D. 12716), similar merchandise invoiced as chemical glassware was returned by the appraiser as manufactures of glass and was assessed for duty at 60 per cent ad valorem under paragraph 108, tariff act of 1890, and claimed dutiable as chemical glassware at 45 per cent ad valorem under paragraph 107 of said act. It will be noted that paragraph 107 of that act provided specifically for chemical glassware for use in the laboratory. There is no such provision in the tariff act of 1909.

We have the *Rudolph Aich* case, *supra*, before us. It is reported in 1 Treas. Dec. 509. The merchandise is described therein as follows:

It resembles in appearance spun silk or fine lustrous wool, and is known either as "glass silk" or as "glass wool," being in fact spun glass, made by dipping glass rods into glass in a state of fusion and drawing it out into fine threads or filaments.

In that case it was established that the merchandise was chiefly used in chemical laboratories for filtering purposes, and was well suited for filtering acid or alkaline solutions; that it was named in the pricelists of dealers in chemical supplies, and was a variety of chemical glassware. It was held dutiable as chemical glassware at 45 per centum ad valorem under paragraph 107 of the Tariff Act of 1890, rather than as manufactures of glass at 60 per centum under paragraph 108 of said act of 1890.

It will be observed, however, that paragraph 107 of the Tariff Act of 1890 related to "chemical glass*ware* for use in laboratory, and not otherwise specially provided for" [italics ours]. That paragraph did not specify chemical glass *articles* and *utensils* as does paragraph 218 (a) of the act of 1930. It may be that the glass wool at bar is glass*ware*, but it certainly is not glass articles or utensils.

There are many authorities dealing with the distinction between articles and materials. We will indicate some of them hereafter. It would appear from the weight of such authorities, although there are some contra, that *articles* are creations evolved from the *materials* from which they are made, and distinguished from such material by a definite shape and form. This glass wool would seem to be material in the mass. It certainly is not an article of a definite shape and form.

We have not found a distinct definition of "utensil" in the authorities. The definition in Funk & Wagnall's Standard Dictionary would seem to exclude such a material as glass wool therefrom. It is as follows:

*Utensil* * * * Something that is used; a thing serving a useful purpose; formerly a thing of varied use; as, *utensils* of war or observation; now, more especially, an implement or vessel for domestic or farming use; as kitchen *utensils*.

This indicates that a utensil must be a thing, or an "object without life." We are of opinion that in the common understanding the various fibers in this glass wool would not be considered "things" or utensils.

We have found but two authorities dealing with utensils. *United States* v. *Kimball*, 19 C. C. P. A. 353, T. D. 45501, held that glass articles intended for use as receptacles for surgical sutures, dental floss, medicated or absorbent cotton, or other special materials of a chemical nature used by surgeons and dentists, "may * * * properly be regarded as utensils" under paragraph 218 (a).

In *Fensterer* v. *United States*, 5 Ct. Cust. Appls. 61, T. D. 34096, holding parts of lamps for burning gas not similar to table, kitchen, and hospital *utensils*, the court said:

It (the lamp fixture in question) is a part of a fixed device not complete in itself and which when completed, would not be used as an implement or utensil in the ordinary sense in which those words are employed, but would be more in the nature of a fixture or, as termed in the Government's brief, a device.

We are clear from the dictionary definition and the foregoing authorities that this glass wool is not a utensil, for it is not a *thing* as the term "thing" is commonly understood. It is merely a mass of fibers. Certainly the glass receptacles termed utensils in the *Kimball* case are widely different from a mass of fibers. Nor are they implements or utensils "in the ordinary sense in which those words are employed," which we gather from the *Fensterer* case, *supra*, is the meaning of "utensil." It is an implement or receptacle or thing, *not* such material as glass wool.

As to what constitutes an article there are numberless authorities. We will cite but a few of them.

On the distinction between articles and materials, see *United States* v. *Guggenheim*, 22 C. C. P. A. 613, T. D. 47604, affirming our decision in Abstract 28195, 65 Treas. Dec. 1564. See also authority cited therein.

In *United States* v. *Harding*, 21 C. C. P. A. 307, T. D. 46830, the subject of protest was yarn of asbestos and wire woven together, saturated with a compound, pressed into shape, and subjected to heat, imported and sold in running lengths of about 100 feet, and used when cut into proper lengths and holes drilled therein, as brake linings for automobiles. The merchandise was held to be "a mere material," and not parts of automobiles, finished or unfinished. That case cited many authorities wherein "articles" and "materials" were distinguished.

See also our decision in *Bush* v. *United States*, T. D. 47541, 67 Treas. Dec. 305, and the many authorities cited therein on the distinction between articles and materials.

In *Asiam* v. *United States*, T. D. 48133, 69 Treas. Dec. 197 (appeal dismissed 24 C. C. P. A. 473), the merchandise consisted of cellulose filaments in the form of yarns in skeins to be used in manufacturing into wearing apparel. Such merchandise was held not to be articles finished or partly finished within the meaning of paragraph 31 of the present tariff act. (See also the authorities cited therein.)

We have examined the authorities cited in plaintiffs' brief. They appear to be apropos of this issue. It is unnecessary to lengthen this opinion by commenting thereon.

The Government states in its brief—

Hence, the words "Scientific articles and utensils" as commonly understood, include all *things* of the particular class or kind which are of, or pertain to, or are used in, science. [Italics ours.]

That may be true of "things," but "as commonly understood" the glass fibers making up the mass of glass wool in question would not be things.

The authorities cited by the Government in its brief have but little, if any, application to this issue.

The definitions of "articles" and "utensils" as indicated by the dictionary and the foregoing authorities are wholly contra to the Government's contention that the glass wool at bar is classifiable as scientific or chemical articles and utensils. To be an article there must be some definiteness or form to the thing thus designated. It must have some individuality of its own. The fine fibers in this glass wool are wholly without a stable form or shape. While "article" is a broad term it would appear generally to indicate something of consistency and stability of a definite form and shape.

Congress in enacting paragraph 218 (a) did not have in mind a material used in chemistry such as the glass wool at bar, consisting of numberless delicate fibers wholly outside of what is considered in the general acceptance of the terms, an "article" or "utensils." The entire statute, when read as a whole in connection with the opening line, indicates that Congress had reference to something different from a mass of mere fibers. We must conclude that this merchandise is not an article, neither is it a utensil, which of itself indicates its meaning, namely, an article of stability usable of itself for various purposes, such as containers in the household or laboratory. We feel very well satisfied under the facts and authorities in this case, coupled with a mere reading of the statute, that this glass wool is neither an article nor a utensil.

We think our reasoning in the *Heil* case, *supra*, is applicable to the merchandise at bar, and accordingly hold it dutiable, as claimed, at 50 per centum ad valorem under paragraph 230 (d) as "All glass and manufactures of glass * * * not specially provided for."

The protest is sustained. Judgment for plaintiffs.